Chief Justice Bibb
delivered the opinion of the Court.
Price sued the sheriff and his sureties on the bond of office, alleging for breach of the condition, that he had sued three several writs of capias ad satisfaciendum, against Haws; that the sheriff had arrested the body of the defendant by virtue of the execution, and had wilfully and negligently suffered the prisoner to escape.
The declaration is insufficient. The plaintiff has only stated that he sued a writ of execution, but he has not shown that he had recovered a judgment. Such defect was adjudged to be a substantial objection to the declaration in Jones vs. Pope, (1 Sand. 39.) The approved precedents state the judgment; (see 2 Chitty 191.) Although a sheriff would be *622 excused for executing the writ of execution issued without a judgment, because he is not to examine the act of the court; yet the plaintiff in the execution cannot have an action against the sheriff for an escape, without shewing a judgment, because if there is no judgment there is no debt due to the plaintiff, and no duty to him from the' sheriff.
in an action against a sheriff for an escape, an amend merit made to his return on the process, made by leave of the court, before the suit commenced, must he read with the original return.
On this point Judge Mills dissents, conceiving that the adjudged cases relative to actions of debt for escape do not apply to actions on the sheriff’s bond, and that a declaration pursuing the bond which does not refer to the judgment, is sufficient.
In making out his case, the plaintiff réád the execution and so much of the sheriff’s return as he made at first, but the amendment to his return, as made by leave of the court, the plaintiff would not read, and when the defendant attempted to read it, the plaintiff objected, and the court sustained him, and would not permit the amended return to be given in evidence. The original return was, “levied upon the body of the defendant and he escaped from my custody,” to which was added, by leave of the court, on motion, on the 20th July, 1820, “and I made fresh pursuit and could not overtake him.” The executions were returnable on the first Monday in June, 1820; this action was commenced on the 10th October, 1821; the declaration is iii debt. Upon the penalty it sets forth the condition, assigns breaches: first, that the sheriff took the body by virtue of the ca. sa. willfully permitted and negligently suffered the prisoner to escape, and afterwards falsely returned that he had levied the writs On the body of the defendant, and that he had escaped from him. Secondly: That the sheriff conveyed the body to prisou, and the prisoner offered good security for keeping the prison bounds, but the sheriff carelessly, unskilfully and negligenlly took a bond, which was, for the carelessness, negligence and unskilfulness of the said sheriff in taking the same, insufficient, and the prisoner afterwards escaped and went beyond the limits of the Commonwealth, and left no property whereof to satisfy said sums mentioned in the executions. Thirdly: That *623 the sheriff having the defendant in the executions, in his custody, took an illegal bond for the prison rules, with security, payable to himself, the deputy sheriff who levied the executions, and afterwards the deputy, although specially requested, refused to assign the bond to the plaintiff. Fourthly: That the deputy sheriff having the body in custody under said executions, falsely returned that he had escaped from his custody, whereas, in truth the said deputy, wilfully permitted and allowed the said prisoner to depart and go without his custody; whereby the plaintiff hath wholly lost his said debts . and demands, by reason of which an action hatl> accrued upon the bond of office &c. The stat-.. ute provides that no judgment shall be entered against any sheriff or other officer for the escape of any debtor, unless the jury “shall.expressly find, that such debtor or prisoner did escape with the consent, or through the negligence of such sheriff or his officer, or that such prisoner might have been retaken, and that the'sheriff and his officers neglected to make immediate pursuit.” The manner in which the plaintiff had declared, and in which he attempted to sustain his action by proof, rendered it very important to the defence to have the whole return before the jury. The court erred in permitting the plaintiff to read part only, and in refusing to permit the defendant to read the whole return. Why the court refused, is not perceived. No reason is assigned by the court below, nonejias been suggested in this court.
Lea-ve toa-™eI!d the declaration.
The judgment must be reversed for the defect in the .declaration before stated; and according to the usage of this court, the plaintiff, on Jhe return of the case, may have leave to amend. The declaration is very loosely drawn, and if the relator expects to sustain his action, he had better, in amending, review his declaration throughout, and consult books and approved precedents. This opinion is •not intended to affirm that this is the only objection. ,to the declaration.
It seems to'this coprt that the declaration is whol-dy insufficient; moreover, that the court erred in *624 permitting the plaintiff to read in evidence a part only of the sheriff’s return, and in refusing to permit the defendant to read the whole return, as amended by leave of the court. It is, therefore, considered by this court, that the judgment of the circuit court be reversed, and that the case be remanded, with leave to the relator to amend the declaration, if he shall apply, if not, that judgment be entered for the defendant.
James Trimble, for plaintiff; JW Connell, for defendant.
Plaintiff in this court to recover his costs.